IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| HELLS CANYON PRESERVATION COUNCIL,<br><br>                Plaintiff,<br><br>    v.<br><br>UNITED STATES FOREST SERVICE, DANIEL GLICKMAN, Secretary of Agriculture, MIKE DOMBECK, Chief U.S. Forest Service, HARVEY FORSGREN, Regional Forester, KARYN WOOD, Forest Supervisor for Wallowa-Whitman National Forest, JACK A. BLACKWELL, Regional Forester, Region #4, DAVID ALEXANDER, Forest Supervisor for the Payette National Forest, DALE BOSWORTH, Regional Forester, Region #1, BRUCE BURNHART, Forest Supervisor for the Nez Pierce National Forest,<br><br>                Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No.  00-755-HU<br><br>OPINION AND ORDER |

Jamie B. Jefferson
Wild Earth Advocates
5825 North Greeley
Portland, Oregon  97217

Julia A. Olson
Wild Earth Advocates
Presidio Building 1004
San Francisco, California  94129

        Attorneys for Plaintiff

PAGE 1 - OPINION AND ORDER

Samuel D. Rauch III
Environmental & Natural Resources Div.
Benjamin Franklin Station P. O. Box 7397
Washington, D. C.  20044-7397

Thomas C. Lee
United States Attorney's Office
1000 S. W. Third Avenue
Suite 600
Portland, Oregon  97204-2902

Val J. McLam Black
Office Of General Counsel, USDA
1734 Federal Building
1220 S. W. Third Avenue
Portland, Oregon  97204

                    Attorneys for Defendants

KING, Judge:

This action challenges regulations promulgated by the United States Forest Service ("USFS") in 1994 in support of the Hells Canyon National Recreation Area ("HCNRA") Act, 16 U.S.C. §§ 460gg et seq.

The Honorable Dennis Hubel, United States Magistrate Judge, filed Findings and Recommendation ("F&R") on January 30, 2001, granting defendants' motion to dismiss (#42) against all claims.  Plaintiff Hells Canyon Preservation Council ("HCPC") filed timely objections to the F&R.  When either party objects to any portion of a magistrate's F&R, the district court must make a *de novo* determination of that portion of the magistrate's report.  28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore Business Machines, Inc., 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982).  The matter is before this court pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

I have given *de novo* review to the F&R.  I will discuss some of the objections in detail.

I.    Objections Three through Six concerning Claim One

HCPC's first claim alleges that the regulations concerning the use and development of privately owned property within the HCNRA violate the HCNRA Act by not meeting its requirements.  Specifically, HCPC alleges that the regulations:  (1) improperly defer to local, state, and federal laws of general applicability; (2) denigrate the special values for which the

HCNRA was established; and (3) fail to fulfill defendants' nondiscretionary duty to promulgate regulations that protect and enhance the HCNRA's unique values.

The F&R found that the Act provided no meaningful standard by which the content of the regulations governing privately owned land could be reviewed for an abuse of discretion. Consequently, the F&R found that the Secretary's decisions regarding the regulation of the private lands in the HCNRA at issue are not judicially reviewable. It recommended dismissing the first claim for relief and the related portion of the fourth claim for relief that alleges a violation of the Administrative Procedure Act ("APA") concerning the privately owned property regulations.

Judicial review under the APA is precluded if the "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(2). Review is precluded if "the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion. In such a case, the statute ('law') can be taken to have 'committed' the decisionmaking to the agency's judgment absolutely." The exception is a narrow one. Heckler v. Chaney, 470 U.S. 821, 830, 838, 105 S. Ct. 1649 (1985). Put simply, there is no law to apply. Within the context of a given case, "[t]here is law to apply only if a specific statute limits the agency's discretion to act in the manner which is challenged." City of Santa Clara v. Andrus, 572 F.2d 660, 666 (9th Cir. 1978), cert. denied, 439 U.S. 859 (1978).

The claim relies on the following portion of the HCNRA Act:

> The Secretary shall promulgate, and may amend, such rules and regulations as he deems necessary to accomplish the purposes of this subchapter. Such rules and regulations shall include, but are not limited to --
>
> (a) standards for the use and development of privately owned property within the recreation area, which rules or regulations the Secretary may, to the extent he deems advisable, implement with the authorities delegated to him in section 460gg-6 [acquisition of property] of this title, and which may differ among the various parcels of land within the recreation area;

16 U.S.C. § 460gg-7(a) (§ 10(a) of the Act).

Although the "as he deems necessary" language instills a large amount of discretion in the Secretary, it does not preclude judicial review. See Barlow v. Collins, 397 U.S. 159, 166, 90 S. Ct. 832 (1970) (statute authorizing the Secretary to "prescribe such regulations, as he may deem

proper to carry out the provisions of this chapter" does not preclude judicial review).  Moreover, the language in subsection (a), "to the extent he deems advisable," refers only to the discretion of the Secretary in deciding whether to implement the rules by acquiring property, as provided in other sections of the Act.

The USFS's discretion in regulating the privately owned property is limited by other portions of the HCNRA Act.  The purpose of the Act is stated in the first section:

> To assure that the natural beauty, and historical and archeological values of the Hells Canyon area ... are preserved for this and future generations, and that the recreational and ecologic values and public enjoyment of the area are thereby enhanced, there is hereby established the Hells Canyon National Recreation Area.

16 U.S.C. § 460gg.  The Secretary is also given express objectives to follow when administering the HCNRA:

> Except as otherwise provided in section 460gg-1 of this title and section 3 of this Act, and subject to the provisions of section 460gg-7 of this title, the Secretary shall administer the recreation area in accordance with the laws, rules, and regulations applicable to the national forests for public outdoor recreation in a manner compatible with the following objectives:
>
> (1) the maintenance and protection of the freeflowing nature of the rivers within the recreation area;
>
> (2) conservation of scenic, wilderness, cultural, scientific, and other values contributing to the public benefit;
>
> (3) preservation, especially in the area generally known as Hells Canyon, of all features and peculiarities believed to be biologically unique including, but not limited to, rare and endemic plant species, rare combinations of aquatic, terrestrial, and atmospheric habitats, and the rare combinations of outstanding and diverse ecosystems and parts of ecosystems associated therewith;
>
> (4) protection and maintenance of fish and wildlife habitat;
>
> (5) protection of archeological and paleontologic sites and interpretation of these sites for the public benefit and knowledge insofar as it is compatible with protection;
>
> (6) preservation and restoration of historic sites associated with and typifying the economic and social history of the region and the American West; and
>
> (7) such management, utilization, and disposal of natural resources on federally owned lands, including, but not limited to, timber harvesting by selective cutting, mining, and grazing and the continuation of such existing uses and developments as are compatible with the provisions of this subchapter.

1    16 U.S.C. § 460gg-4.

2        These purpose and objectives as stated in the HCNRA Act limit the Secretary's

3    discretion when enacting regulations concerning privately owned property.  They provide law to

4    apply in a judicial review of the regulations under the APA.  The Ninth Circuit recently relied on

5    these objectives when reviewing regulations promulgated as required under § 460gg-7(d) of the

6    Act which limit the use of motorized water craft on the Snake River within the HCNRA.  Hells

7    Canyon Alliance v. United States Forest Service, 227 F.3d 1170, 1178-79 (9th Cir. 2000).

8    Defendants correctly note that there is no analysis of whether the issue of proper regulations for

9    water craft is committed totally to the agency's discretion in the decision and, thus, the circuit

10   may not have been presented with the issue.  That does not counter the fact that the court did

11   find law to apply in a very similar situation.

12       Consequently, I conclude that there is law to apply for a judicial review of the regulations

13   on privately owned property and deny the motion to dismiss the first and related portion of the

14   fourth claims for relief.

15   II.    Objection Seven concerning Claim Three

16       The Honorable Janice Stewart entered an order in an earlier action requiring the USFS

17   to promulgate the final regulations which are at issue here.  She entered a judgment on August 4,

18   1994, which noted that the final regulations had been promulgated and that it appeared that the

19   requirements of her order had been satisfied.  She dismissed the action without prejudice to filing

20   a new action seeking judicial review of the newly-promulgated regulations.  The judicial review

21   Judge Stewart referred to is what HCPC alleges in the first claim in the current action.

22       The third claim in the current action alleges that defendants' failure to promulgate final

23   regulations which protect the values of the HCNRA constitutes a violation of Judge Stewart's

24   order.  I agree with the F&R that Claim Three should be dismissed, although I view its

25   shortcoming as more in the nature of a failure to state a claim.  It accomplishes nothing beyond

26   the allegations in the first claim.  The related portion of the APA claim alleged in the fourth claim

27   is also dismissed.

28   III.    Objections Eight through Fourteen concerning Claim Five

PAGE 5 - OPINION AND ORDER

The Endangered Species Act ("ESA"), 16 U.S.C. § 1531 et seq., requires federal agencies to insure that their actions are not likely to jeopardize the continued existence of any endangered species or threatened species or result in the destruction or adverse modification of its habitat.  16 U.S.C. § 1536(a)(2) (§ 7(a)(2) in the act).  The biological impacts of proposed activities are determined in a process possibly involving both informal and formal consultation, as required by the ESA and its regulations.  The consulting agencies for the four threatened and/or endangered species of fish in this case are Fish and Wildlife Service ("FWS") and the National Marine Fisheries Service ("NMFS").

HCPC's fifth claim alleges a violation of the ESA and related violation of the APA. HCPC alleges that defendants failed to consult with FWS or NMFS in violation of § 7(a)(2) of the ESA and seek a remedy ordering defendants to complete formal consultation.

The USFS initiated informal consultation on August 9, 2000.  Thus, it contends that this claim is moot.

The F&R found:  (1) to the extent that HCPC seeks a declaration that defendants were in violation of ESA § 7(a)(2) for failing to consult prior to implementation of the regulations, the claim is moot because informal consultation has begun; and (2) to the extent that HCPC seeks an order requiring defendants to complete formal consultation, the claim is premature.

I will comment on only a few of HCPC's objections.  I agree with the F&R that any claim seeking formal consultation is premature.  Depending on the result of the informal consultation, a formal consultation may not be required under the statute.  The agencies are not yet to the point of making that determination.  This is a timing problem.  I acknowledge that I must take as true HCPC's allegation that the regulations cause the degradation of critical habitat and adversely affect the listed fish, which would trigger formal consultations.  The relevant issue, however, is what the agencies decided about the regulations' effect on the fish.  HCPC does not claim that the agencies have made an incorrect determination.  Instead, it alleges a procedural claim that the USFS has failed to engage in consultation.  Any procedural claim concerning formal consultation is premature.

1   I also generally agree with the F&R's analysis and holding that initialization of

2   consultation moots the fifth claim based on § 7(a)(2). I first note that I will analyze HCPC's

3   claim as it is pleaded. Although there may have been other ways for HCPC to approach this

4   litigation, the fifth claim is only based on § 7(a)(2) and HCPC has not provided the required

5   60-day notice for other possible allegations or remedies.

6   HCPC strongly argues that Ninth Circuit case law precludes a determination of

7   mootness. The cases it cites, however, differ from the situation before me. In <u>Lane County</u>

8   <u>Audubon Society v. Jamison</u>, 958 F.2d 290 (9th Cir. 1992), the Bureau of Land Management

9   ("BLM") consulted with FWS on 174 individual proposed timber sales that could affect the

10  northern spotted owl but failed to consult at all on the Jamison Strategy which set forth criteria for

11  the selection of land for logging. The court held that the failure to consult on the Jamison Strategy

12  violated § 7(a)(2). <u>Id.</u> at 294. The BLM, however, had never started consultation on the

13  Jamison Strategy. So there was no issue of mootness, as there is here.

14  The court held that the ESA claim in <u>Natural Resources Defense Council v. Houston</u>,

15  146 F.3d 1118 (9th Cir. 1998), <u>cert. denied</u>, 526 U.S. 111 (1999), was not moot, even though

16  FWS issued a "no jeopardy" biological opinion. In <u>Houston</u>, however, the court held that an

17  irreversible and irretrievable commitment of resources had occurred, consequently triggering a

18  violation of § 7(d) of the ESA and allowing a recission of the water contracts at issue. <u>Id.</u> at

19  1128. HCPC has not pleaded a violation of § 7(d).

20  Consequently, I agree with the F&R's analysis and dismiss the fifth claim.

21  IV.    <u>Remaining Objections</u>

22  I have reviewed the remaining objections and am unpersuaded that they point out any

23  error in Judge Hubel's analysis.

24                                    **CONCLUSION**

25  This court adopts the part of the Findings and Recommendation of Judge Hubel

26  dismissing Claims Three, a portion of Four, Five, and Six. Defendant's motion to dismiss (#42)

27  is granted in part and denied in part: Claim One and the related portion of Claim Four remain for

28  a decision on the merits.

1    IT IS SO ORDERED.

2    DATED this _____30th_____ day of March, 2001.

3

4                                  __/s/_____

5                                         GARR M. KING
                                    United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAGE 8 - OPINION AND ORDER