JAMIE B. JEFFERSON (OSB BAR # 00147))
Wild Earth Advocates
1510 Virginia Street
Berkeley, California
Tel: (510) 548-4313
Fax: (801) 991-9510
e-mail: weadvocates@sbcglobal.net

JULIA A. OLSON *pro hac vice*
Wild Earth Advocates
370 Grand Ave., Suite 5
Oakland, California 94610
Tel: (510) 663-2868
Fax: (510) 663-2869
email: jaoearth@aol.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| HELLS CANYON PRESERVATION COUNCIL, a non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>U.S. FOREST SERVICE, DANIEL ROBERT GLICKMAN, in his capacity as Secretary of Agriculture, DALE BOSWORTH, in his capacity as Chief United States Forest Service, HARV FORSGREN, in his capacity as Regional Forester, KARYN L. WOOD, in her capacity as Forest Supervisor for Wallowa-Whitman National Forest; JACK A. BLACKWELL, in his capacity as Regional Forester, Region 4; DAVID F. ALEXANDER, in his capacity as Forest Supervisor for the Payette National Forest; ROBERT POWELL, in his capacity as Regional Forester, Region 1; BRUCE BURNHART, in his capacity as Forest Supervisor for the Nez Perce National Forest,<br><br>Defendants. | Case No.: 00-755-HU<br><br>**SECOND AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**<br><br>Hells Canyon National Recreation Area Act, 16 U.S.C. §§ 460 gg *et seq;* Endangered Species Act, 16 U.S.C §1531, *et seq.*; National Environmental Policy Act, 42 U.S.C. §§ 4321, *et seq.* |

# INTRODUCTION.

1. This is an action for a declaratory judgment and injunctive relief. Plaintiff seeks to compel defendants to comply with the requirements of the Hells Canyon National Recreation Area Act (the "HCNRA Act"), 16 U.S.C. §§ 460 gg *et seq.*, and Magistrate Judge Janice M. Stewart's Opinion and Order in *Hells Canyon Preservation Council v. Richmond*, Cv. No. 92-1432-ST (D. Or. December 9, 1993) ("Opinion and Order"). Specifically, plaintiff seeks to compel defendants to promulgate final regulations for private lands which protect the values of the Hells Canyon National Recreation Area ("HCNRA"); to implement all required standards for the use and development of privately owned property within the HCNRA as required by 16 U.S.C. §§ 460gg-4 & 7 of the HCNRA Act and the Administrative Procedure Act; to compel defendants to formally consult with the National Marine Fisheries Service ("NMFS") and the Fish and Wildlife Service ("FWS") on the promulgation of regulations pursuant to the HCNRA Act as required under Section 7(a)(2) of the Endangered Species Act ("ESA"), 16 U.S.C. §1536(a)(2); to compel defendants to use their authority to conserve listed species as required under Section 7(a)(1) of the ESA; and to compel defendants to comply with NEPA and its implementing regulations by preparing an Environmental Impact Statement ("EIS") or an Environmental Assessment ("EA") considering, analyzing and disclosing all of the environmental impacts of the Section 10 regulations promulgated by defendants.

2. Plaintiff intends to seek as relief, among other things: a declaration that the private land regulations issued by defendants on June 13, 1994 improperly defer to local, state and federal laws and regulations of general applicability and otherwise fail to comply with the statutory requirements of the HCNRA Act and Magistrate Judge Stewart's Opinion and Order; an order compelling defendants to promptly adopt and implement all required standards for management of the HCNRA and to limit uses that are inconsistent with those standards; a declaration that the defendants illegally failed to consult with NMFS and FWS on the impacts of private land regulations on threatened and endangered fish within the HCNRA; and a declaration

that the defendants violated NEPA by failing to prepare an EIS or EA for the regulations governing private lands.

3. The failure to adopt and implement adequate, protective regulations has resulted and will continue to result in significant and enduring damage to and loss of wildlife, aesthetic, scenic, recreational, wilderness, cultural, scientific, other public values and the unique attributes of the HCNRA. Defendants' failure to promulgate adequate regulations consistent with the purposes of the HCNRA Act adversely impacts the unique attributes that Congress sought to protect in establishing the HCNRA. The adverse impacts include, but are not limited to: overgrazing of fragile grasslands, meadow areas and riparian areas along the Imnaha Wild and Scenic River; soil compaction and erosion; contaminated water resources; damage to riparian habitat, stream banks, and river systems; impairment of the critical habitat and spawning, rearing and migration behavior of Chinook salmon; displacement of native plant and animal populations and introduction of non-native species; fragmentation and degradation of wildlife habitat; and impairment of the natural experience of wilderness users. The regulations issued by defendants will have significant effects upon the environment.

4. This action arises under and alleges violations of the HCNRA Act, 16 U.S.C. §§ 460gg to 460gg-13, the Administrative Procedure Act (the "APA"), 5 U.S.C. § 551 *et seq*, the Endangered Species Act, 16 U.S.C. §1531 *et seq*; and the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321-4370.

5. Should Plaintiff prevail on the merits, Plaintiff will seek an award of costs and attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412, the Endangered Species Act, 16 U.S.C. §1540(g)(4), or any other appropriate authority.

## JURISDICTION AND VENUE.

6. Jurisdiction over this action is conferred by 28 U.S.C. §§ 1331 (federal question) and 1346 (United States as a defendant). An actual, justiciable controversy exists between plaintiff and defendants. The requested relief is proper under 28 U.S.C. § 2201, 28 U.S.C. §2202 and 5 U.S.C. §§705 & 706.

7. Plaintiff submitted formal comments to the United States Forest Service on the Proposed Rules for Regulations of Private and Public Lands within the HCNRA. Any available administrative remedies have been exhausted pursuant to 7 U.S.C. §6914(e). Reviewable final agency action exists that is subject to this Court's review under 5 U.S.C. §§702 & 704.

8. In compliance with 16 U.S.C. §1540(g), on May 31, 2000, Plaintiff gave notice of the ESA violations specified in this complaint and of its intent to file suit to the Forest Service, the Secretary of Commerce, the Secretary of Agriculture and all other required parties. A copy of the letter is attached as Exhibit A. Sixty days or more have elapsed since the notice was properly served and received by the parties.

9. On August 8, 2000, Plaintiff received a letter from the United States Department of Agriculture on behalf of the Forest Service indicating their intent to initiate consultation on the impacts of the private land regulations on listed fish under the Endangered Species Act. The letter does not specify on which species of fish the Forest Service intends to consult. The violations complained of in the notice letter are continuing and have not been remedied. The defendants remain in violation of the ESA.

10. Venue is properly vested in this Court pursuant to 28 U.S.C. § 1391(e) as defendants are officers and employees of the United States, plaintiff resides in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district. This Court previously issued the Opinion and Order requiring defendants to promulgate regulations pursuant to 42 U.S.C. 460gg-7.

**PARTIES.**

11. The plaintiff in this action is the Hells Canyon Preservation Council ("HCPC"), a registered Oregon non-profit corporation with its principal place of business in La Grande, Oregon. HCPC is dedicated to the preservation of the Hells Canyon country in its natural condition. HCPC's members live throughout the United States.

12. Plaintiff and its members use the Hells Canyon National Recreation Area for recreational, scientific, aesthetic, and commercial purposes. Plaintiff and its members derive

recreational, scientific, aesthetic, and commercial benefits from the preservation of the HCNRA's wilderness, wildlife and recreational values through rafting, hiking, skiing, camping, birdwatching, fishing, hunting, photography, and other activities.  The past, present and future enjoyment of these benefits by plaintiff and its members has been, is being and will continue to be irreparably damaged by defendants' failure to legally manage and regulate the HCNRA, as described below, and by their harm to the special values of the HCNRA.  None of HCPC's members has been compelled to participate in this lawsuit in any way.

13.    The aesthetic, conservation, recreational, commercial, and scientific interests of plaintiff and its members have been, are being, and unless the relief prayed for herein is granted, will continue to be adversely affected and irreparably injured by the defendants failure to comply with the requirements of the HCNRA Act, this Court's Order and Opinion, NEPA and its implementing regulations, and the APA.  These are actual, concrete injuries caused by defendants' failure to comply with mandatory duties under the HCNRA Act, the Opinion and Order, NEPA and its implementing regulations, and the APA.  Plaintiff has no adequate remedy at law.  The injuries would be redressed by the relief sought.

14.    Defendant ANNE VENEMAN is sued in her official capacity as the United States Secretary of Agriculture.  Defendant VENEMAN is responsible for promulgating regulations in accordance with the HCNRA Act.[1]

15.    Defendant DALE BOSWORTH is sued in his official capacity as Chief of the United States Forest Service.  Defendant BOSWORTH is responsible for promulgating rules and regulations affecting the HCNRA.

16.    Defendant UNITED STATES FOREST SERVICE is an agency of the United States Department of Agriculture and is sued herein.  The United States Forest Service and its officers have promulgated regulations not in accordance with the HCNRA Act and the Opinion and Order of this Court.

---

[1] Ann Veneman, Secretary of Agriculture is substituted for Daniel Glickman, former Secretary of Agriculture, as a defendant herein, pursuant to Fed. R. Civ. P. 25(d)(1).

17. Defendant HARV FORSGREN is sued in his official capacity as Regional Forester for the Pacific Northwest Region. Defendant FORSGREN or his predecessors are responsible for the management and regulation of National Forest Land included in the HCNRA, including the Wallowa-Whitman National Forest.

18. Defendant KARYN L. WOOD is sued in her official capacity as Forest Supervisor of Wallowa-Whitman National Forest. Defendant WOOD or her predecessors are responsible for the management of the Wallowa-Whitman National Forest, within the HCNRA and the implementation of the HCNRA Act regulations.

19. Defendant JACK A. BLACKWELL is sued in his official capacity as Regional Forester for Region 4. Defendant BLACKWELL or his predecessors are responsible for the management and regulation of National Forests in Region 4 included in the HCNRA, including the Payette National Forest.

20. Defendant DAVID F. ALEXANDER is sued in his official capacity as the Forest Supervisor of the Payette National Forest. Defendant ALEXANDER or his predecessors are responsible for the management of the Payette National Forest, within the HCNRA and the implementation of the HCNRA Act regulations.

21. Defendant, ROBERT POWELL, is sued in his official capacity. Defendant POWELL and his predecessors are responsible for the management of National Forests in Region 1 included in the HCNRA, including the Nez Perce National Forest.

22. Defendant BRUCE BURNHART is sued in his official capacity as the Forest Supervisor of the Nez Perce National Forest. Defendant BURNHART or his predecessors are responsible for the management of the Nez Perce National Forest, within the HCNRA and the implementation of the HCNRA Act regulations.

**FACTS.**

23. In 1975, Congress enacted the Hells Canyon National Recreation Area Act, codified at 16 U.S.C. §§460gg *et seq*. The Hells Canyon National Recreation Area consists of the Hells Canyon Wilderness, a seventy-one mile segment of the Snake River between Hells

Canyon Dam and the Oregon-Washington border, tributaries and adjacent lands, including the Rapid, Snake, and Imnaha Wild and Scenic Rivers; and portions of the Wallowa-Whitman, Payette and Nez Perce National Forests. The HCNRA contains pristine forests, lush meadows, snow-capped peaks, rich grasslands and diverse landforms and a canyon of such unique natural beauty that Congress enacted the HCNRA Act specifically to preserve and protect it.

24. Section 7 of the HCNRA Act requires the Secretary to manage the HCNRA in a manner compatible with the Act's objectives, which include the maintenance and protection of rivers, fish and wildlife habitat, archeological, paleontologic, and historic sites, conservation of scenic, wilderness, cultural, scientific, and other values contributing to the public benefit and the preservation, especially in Hells Canyon, of all features and peculiarities believed to be biologically unique, including rare and endemic plant species, rare combinations of aquatic, terrestrial, and atmospheric habitats, and diverse ecosystems. 16 U.S.C. § 460gg-4.

25. Section 8 of the HCNRA Act directs the Secretary of Agriculture to develop a comprehensive management plan for the HCNRA. 16 U.S.C. § 460gg-5.

26. Section 10 of the Act directs the Secretary to promulgate "such rules and regulations as he deems necessary to accomplish the purposes" of the Act, and specifies five subjects for which the Secretary must promulgate regulations. 16 U.S.C. § 460gg-7.

27. By 1981, the Secretary had adopted a comprehensive management plan but failed to promulgate any rules or regulations.

28. In 1988, the Hells Canyon Preservation Council, *et al.*, filed suit in federal district court for the District of Oregon seeking, *inter alia*, to compel the Secretary to promulgate rules and regulations as required by the HCNRA Act. On July 21, 1989, in *Oregon Natural Resources Council v. Lyng*, 882 F. 2d 1417 (9th Cir. 1989), the Ninth Circuit Court of Appeals found that the Secretary violated his non-discretionary duties under the HCNRA Act and remanded to the district court to enter an order directing the Secretary to promulgate the required regulations under section 10.

29. On October 5, 1989, the Forest Service published "interim" regulations in the Federal Register, 54 Fed. Reg. 41092 (October 5, 1989), now codified at 36 C.F.R. § 292.40, *et*

*seq*. These interim regulations, promulgated without public notice and comment, were effective immediately, but failed to address many of the matters identified by section 10 of the HCNRA Act, including uses and development of private land and use of motorized rivercraft. 16 U.S.C. §§460gg *et seq*.

30. In 1992, the Hells Canyon Preservation Council filed suit in federal district court for the District of Oregon seeking a declaration that the interim regulations did not comply with the APA's requirement of notice and comment rulemaking, improperly deferred to the Comprehensive Management Plan for regulation of activities within the HCNRA and failed to satisfy the requirements of section 10 of the HCNRA Act. In addition, the HCPC sought to compel the Forest Service to promulgate final rules, replacing the interim regulations, as required by the HCNRA Act and as required by the Ninth Circuit in *Oregon Natural Resources Council v. Lyng*.

31. In 1993, this Court ordered the Forest Service to publish, allow comment on, and promulgate final private and public land regulations under Section 10 of the HCNRA Act. (*Hells Canyon Preservation Council v. Robert Richmond, et. al*., Cv. No. 92-1432-ST, Opinion and Order). This Court held that "the purpose of the HCNRA Act and its congressional mandate required the Secretary to do more than simply maintain the status quo in the HCNRA." (*Hells Canyon Preservation Council v. Robert Richmond, et. al*., Cv. No. 92-1432-ST, p. 15). This Court further held that the "Forest Service was bound by congressional mandate to promulgate final regulations which are aimed at enhancing the recreational and ecological values unique to the HCNRA. . .[and to] promulgate final regulations which protect the very values which [ ] are being compromised by the failure to regulate." (*Id*. at 17).

### **Private Land Regulations.**

32. On December 14, 1993, the Forest Service published its proposed private land rules in the Federal Register, 56 Fed. Reg. 65300, now codified at 36 C.F.R. 292.20, *et. seq*.

33. On or about February 10, 1994, HCPC submitted comments on the proposed regulations for private lands within the HCNRA. In its comments, HCPC identified deficiencies

in the proposed regulations, including, the absence of any provisions that enabled the monitoring of private land uses or implemented standards to govern those uses. Specifically, HCPC informed the Forest Service that the proposed rules violated the HCNRA Act by deferring to local, state, and federal land use plans rather than promulgating standards specific to use and development of private land within the HCNRA as required by 16 U.S.C. §§ 460gg-4 and 16 U.S.C. 460gg-7.

34.  On June 13, 1994, the Forest Service published final regulations in the Federal Register, 59 Fed. Reg. 30492. These regulations failed to cure the deficiencies raised by HCPC in their comment letter and further failed to comply with the HCNRA Act or this Court's Opinion and Order.

35.  The final regulations do not provide adequate standards for the use and development of privately owned property within the HCNRA. *See* 16 U.S.C. §§ 460gg-7(a). Rather, the only specific regulations, which govern use in order to protect the HCNRA resources, prohibit commercial operation of solid waste disposal sites and open pit mining; limit extraction sites to two acres; require screening for new or replacement structures in certain instances; require utility lines to be placed underground where possible; require a minimum lot size of 160 acres for farms/forest/grazing lands; and require new structures be built at least 25 feet from the property line or 55 feet from the center line of a travel route. With regard to all other uses and development affecting ecological and other resources of the HCNRA, the regulations defer to or incorporate existing local, state, and federal laws of general applicability and fail to address the special values for which the HCNRA was established. *See* 36 C.F.R. § 292.23. The regulations thus fail to satisfy the requirements of the HCNRA Act (16 U.S.C. §§ 460gg *et seq*.) or this Court's Opinion and Order.

36.  Among other things, the regulations fail to adequately ensure that the ecological impacts of livestock and grazing on private lands in the Imnaha River Canyon and within the HCNRA comply with the HCNRA Act and other laws. The Imnaha River, a designated Wild and Scenic River, provides critical spawning, rearing and migration habitat for the spring/summer and fall run Chinook salmon, listed as threatened under the Endangered Species

Act. The Imnaha River also provides habitat to the threatened bull trout, the endangered sockeye salmon and the threatened steelhead. The majority of private land within the HCNRA is located along the Imnaha River and is used to pasture cattle. Specifically, the private lands between Pallette Ranch and the mouth of Cow Creek are devoted livestock and grazing uses, none of which are monitored, proscribed, or controlled by the regulations. As a result, poor livestock and grazing practices denigrate the quality of the riparian area and harm wildlife and fish, including, but not limited to, the threatened Chinook salmon. The regulations do not manage, limit, or govern livestock access to the Imnaha River and riparian habitat and do not limit livestock use or grazing in the riparian area near the river. The only specific limits the regulations place on private lands, classified as farm, forest or grazing, include minimum requirements on lot size, distance of structures from property line or from travel routes, and limits on development of residences to those associated with farm/forest/grazing uses. The failure to regulate livestock and grazing results in an increased flow of sediment and waste into the river. The resulting destruction and/or degradation of the habitat of these listed species is incompatible with the provisions of the HCNRA Act because it has and will harm the HCNRA's scenic, recreational, wilderness, scientific, and other public values, such as protection of fish and wildlife habitat. Unregulated grazing of cattle in the HCNRA is further incompatible with the provisions of the HCNRA Act because it has and will diminish the outstanding and diverse ecosystems of the area and has and will cause a loss of important wildlife and aquatic habitat.

37. In addition to their failure to regulate livestock and grazing on private land, the regulations fail to regulate or manage these and other activities that occur on private land, including logging, ground-disturbing activity, construction of roads, ditches and fences, manner of construction of structures, water quality, burning, vegetation use and management (including herbicide and pesticide use) and the accumulation of trash and debris within the HCNRA. These failures have resulted in significant and enduring damage to wildlife, aesthetic, and natural recreational qualities and unique attributes of the HCNRA and are incompatible with the provisions of the HCNRA Act because they will result in a loss to the HCNRA's scenic, recreational, wilderness, cultural, scientific, and other public values.

38. The HCNRA Act and the regulations authorize the Forest Service to use its condemnation authority to enforce the regulations when private land owners are not in compliance with those regulations.  The Forest Service has not used its condemnation authority to protect the HCNRA or achieve the goals of the Act.  Nor has the Forest Service implemented private land regulations that achieve the purposes of the HCNRA Act.

**Endangered and Threatened Species within the HCNRA.**

39. The HCNRA contains a complex river system, including a seventy-one mile segment of the Snake River between Hells Canyon Dam and the Oregon-Washington border, and the Rapid, Snake, and Imnaha Wild and Scenic Rivers.  These river systems within the HCNRA provide critical habitat for several endangered and threatened species, including sockeye salmon (*oncorhyncus nerka*), Chinook salmon (*oncorhynchus tshawytscha*), steelhead *(oncorhynchus mykiss*), and bull trout (*salvelinus confluentus*).

40. In November 1991, NMFS added the Snake River Basin Evolutionary Significant Unit of sockeye salmon to the list of endangered species under the ESA. 56 Fed. Reg. 58619 (November 20, 1991).  This ESU includes all populations of sockeye salmon from the Snake River Basin, Idaho.

41. In June 1992, NMFS added the Snake River Spring/Summer and Fall Evolutionary Significant Units of Chinook salmon to the list of threatened species under the ESA. 57 Fed. Reg. 14653 (April 22, 1992).  These ESU's include all natural populations of spring/summer-run Chinook salmon in the main stem of the Snake River and its sub-basins, including the Tucannon, Grande Ronde, Imnaha, and Salmon Rivers; and all natural populations of fall run Chinook in the mainstem of the Snake River and its sub-basins.

42. In December 1993, NMFS designated river systems within the HCNRA as "critical habitat" for the Snake River sockeye salmon and critical spawning, rearing and migration habitat for the Snake River spring/summer and fall runs of Chinook salmon.  58 Fed. Reg. 68543 (December 28, 1993).

43. In August 1997, NMFS added the Snake River Basin Evolutionary Significant Unit of steelhead to the list of threatened species under the ESA.  60 Fed. Reg. 43937 (August

18, 1997). This ESU includes populations of steelhead in streams in the Snake River Basin of southwest Washington, northeast Oregon and Idaho. *Id.* at 43946. NMFS has designated all river reaches accessible to listed steelhead in the Snake River and its tributaries in Idaho, Oregon and Washington as "critical habitat" for Snake River Basin steelhead. 65 Fed. Reg. 7764 (February 16, 2000) (final rule designating habitat).

44. In June 1998, FWS added the Columbia River Distinct Population Segment of bull trout to the list of threatened species under the ESA. 63 Fed. Reg. 31647 (June 10, 1998). The DPS occurs throughout the entire Columbia River Basin. This includes major tributaries within the HCNRA, such as the Tucannon River, Clearwater River, Asotin River, Grande Ronde River, Imnaha River and Salmon River. *Id*. at 31652.

45. The ESA requires federal agencies, including the Forest Service to insure that any action authorized, funded, or carried out by the agency is not likely to jeopardize the continued existence of any listed species or result in the destruction or adverse modification of the habitat of such species. The Forest Service's final regulations governing the use and development of private land jeopardize the continued existence of the sockeye salmon, the Chinook salmon, the steelhead, and the bull trout within the HCNRA and are likely to cause adverse modification or destruction of the habitat of these listed fish. Defendants have not consulted with NMFS or FWS concerning the promulgation of these regulations and/or their continued regulation of the HCNRA despite the fact that sockeye and Chinook were listed prior to the promulgation of the regulations and several years have passed since the steelhead and bull trout have been listed.

## National Environmental Policy Act

46. NEPA requires federal agencies, including the Forest Service, to prepare an EIS for any major federal action which may significantly impact the quality of the environment. An agency may prepare an EA to determine whether an EIS is necessary.

47. Defendants failed to perform an EIS or an EA for the Section 10 regulations that it published on June 13, 1994, and July 19, 1994.

## CLAIMS FOR RELIEF

# FIRST CLAIM FOR RELIEF
# VIOLATION OF THE HCNRA ACT

48. Plaintiff re-alleges, as if fully set forth herein, each and every allegation contained in paragraphs 1 through 47 above.

49. The HCNRA Act requires defendants to promulgate rules that include standards for the use and development of privately owned property within the HCNRA in a manner compatible with the provisions of the HCNRA Act. See 16 U.S.C. §460gg-7(a). The HCNRA Act includes the following objectives: conservation of scenic, wilderness, cultural, scientific, and other values contributing to the public benefit; preservation of all features biologically unique, including the rare combinations of aquatic, terrestrial, atmospheric habitats, and outstanding and diverse ecosystems; and protection and maintenance of fish and wildlife habitat.

50. The regulations promulgated by defendants improperly defer to local, state, and federal laws of general applicability for control of uses and development of private land that are mandatory subjects of regulation in the HCNRA Act. Neither the regulations nor the general law address the special values for which the HCNRA was established. Such deference, as a substitute for defendants' promulgation of regulations, is improper because the HCNRA Act itself already demands compliance with local, state, and federal laws and requires the Forest Service to promulgate regulations to specifically address the HCNRA.

51. The defendants' failure to promulgate final regulations that govern use and development on private land, including but not limited to logging, livestock and grazing, construction, and the accumulation of trash and debris, within the HCNRA, denigrates the above-mentioned values and is a violation of the HCNRA Act. The final regulations for private lands (59 Fed. Reg. 30492) within the HCNRA do not meet the requirements of the HCNRA Act.

52. Thus, the regulations violate the requirements of the HCNRA Act by failing to fulfill the non-discretionary duty of defendants to promulgate regulations relating to use and development of private lands that fulfill the HCNRA Act's mandate to protect and enhance the HCNRA's unique values. 16 U.S.C. 460gg-4 &7.

53. The defendants' failure to implement private land regulations, which achieve the purposes of the HCNRA Act is a violation of their mandatory duties under the HCNRA Act.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF THIS COURT'S ORDER AND OPINION**

57. Plaintiff re-alleges, as if fully set forth herein, each and every allegation contained in paragraphs 1 through 56 above.

58. Defendants' failure to promulgate final private land regulations which protect the values of the HCNRA constitutes a violation of Magistrate Judge Janice M. Stewart's Opinion and Order in *Hells Canyon Preservation Council v. Richmond*, Cv. No. 92-1432-ST (D. Or. December 9, 1993) ("Opinion and Order").

**THIRD CLAIM FOR RELIEF**
**VIOLATION OF THE APA**

59. Plaintiff re-alleges, as if fully set forth herein, each and every allegation contained in paragraphs 1 through 58 above.

60. The violations of substantive and procedural law under the HCNRA Act and this Court's Order and Opinion constitute agency action illegally withheld or unreasonably delayed, or agency action that is arbitrary, capricious, an abuse of discretion and not in accordance with law. 5 U.S.C. § 706 (1) & (2). Defendants' actions and omissions are subject to judicial review under the APA, 5 U.S.C. § 701 *et seq*.

**FOURTH CLAIM FOR RELIEF**
**VIOLATION OF THE ESA AND APA**

61. Plaintiff re-alleges, as if fully set forth herein, each and every allegation contained in paragraphs 1 through 60 above.

62. Section 7(a)(2) of the ESA requires federal agencies, including the Forest Service, to insure that any action authorized, funded, or carried out by such agency is not likely to jeopardize the continued existence of any listed species or result in the destruction or adverse modification of the habitat of such species. 16 U.S.C. §1536(a)(2); 50 C.F.R. Part 402, Subpart B. To ensure against causing jeopardy to listed species, section 7 requires agencies to complete consultation with NMFS before proceeding with any action that may adversely affect or jeopardize a listed species.

63. Four threatened and/or endangered species of fish rely on waterways within the HCNRA for habitat. Defendants promulgated private land regulations which jeopardize the existence of listed fish and which may likely result in the destruction or adverse modification of the habitat of such species. Nevertheless, defendants have failed to consult with NMFS or FWS regarding these regulations.

64. Defendants' failure to consult with NMFS or FWS violates section 7(a)(2) of the ESA, and its implementing regulations.

65. Defendants' failure to consult with NMFS is also arbitrary, capricious, and not in accordance with the law, in violation of the Administrative Procedure Act, 5 U.S.C. §706.

**FIFTH CLAIM FOR RELIEF**
**VIOLATION OF THE ESA AND APA**

66. Plaintiff re-alleges, as if fully set forth herein, each and every allegation contained in paragraphs 1 through 65 above.

67. ESA section 7(a)(1) requires federal agencies, including the Forest Service, to use their authority to further the purposes of the ESA by carrying out conservation programs for listed species. 16 U.S.C. §1536(a)(1). As defined under ESA section 3, "conservation" means to use all necessary methods and procedures to bring any listed species to the point at which the measures provided pursuant to the ESA are no longer necessary. 16 U.S.C. §1532(3).

68. Defendants are violating their section 7(a)(1) duty to conserve listed fish within the HCNRA by continuing to manage the HCNRA in a manner which allows the degradation of habitat despite clear statutory directives to the contrary, including but not limited to their failure to promulgate regulations which properly manage, control, and limit grazing activities. Such actions jeopardize the continued existence of the listed fish and adversely modify their habitat.

69. Defendants' failure to utilize its authorities under the HCNRA Act in furtherance of the purposes of the ESA as required by section 7(a)(1) is also arbitrary, capricious, and not in accordance with the law, in violation of the Administrative Procedure Act, 5 U.S.C. §706.

**SIXTH CLAIM FOR RELIEF**
**VIOLATION OF NEPA AND CEQ REGULATIONS AND THE APA**

70. Plaintiff realleges, as if fully set forth herein, each and every allegation contained in paragraphs 1 through 69 above.

71. NEPA, 42 U.S.C. § 4322(2)(c), and its implementing regulations, require all federal agencies, including the Forest Service, to prepare an EIS for all major actions significantly affecting the quality of the human environment. 40 C.F.R §1508.18(a).

72. An agency may prepare an EA prior to preparing an EIS to determine whether an EIS is necessary. 40 C.F.R. 1501.4.

73. Defendants violated NEPA when they promulgated private land regulations without issuing an EIS or an EA, despite the fact that the regulations will cause significant environmental effects and will adversely affect species.

74. Defendants' failure to prepare an EIS or an EA indicates that defendants failed to consider, analyze, study, and disclose all potential significant impacts to the environment from the promulgation of private land regulations. 42 U.S.C. §4332(2)(E); 40 CFR §§ 1501.2(c).

75. NEPA requires that federal agencies consider all reasonable alternatives to their proposed actions. Agencies must "study, develop and describe appropriate alternatives to recommended courses of action in any proposal which involves unresolved conflicts concerning alternative uses of available resources." 42 U.S.C. § 4332(2)(E); 40 C.F.R. §§ 1501.2(c), 1507.2.

76. Defendants failure to prepare an EIS or an EA indicates that defendants failed to study, develop and describe appropriate alternatives to the recommended course of action in promulgating the regulations which involve resolving conflicts concerning alternative uses of available resources.

77. Defendants' failure to issue either an EIS or an EA was arbitrary, capricious, and not in accordance with the law, in violation of the Administrative Procedure Act, 5 U.S.C. § 706.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that the Court:

1. Declare that defendants have violated the HCNRA Act, the ESA, this Court's Order and Opinion, NEPA, and the APA for the reasons and in the manner alleged above;

2. Order defendants to engage in renewed notice and comment rulemaking as required by the HCNRA Act and the APA pertaining to use and development of private lands in the HCNRA as set forth herein;

3. Order defendants to complete formal consultation under the ESA for all the listed fish in the HCNRA;

4. Order defendants to engage in renewed notice and comment rule-making that fulfills their section 7(a)(1) duty to conserve listed fish within the HCNRA and preserve their habitat;

5. Order defendants to prepare an EIS in compliance with the NEPA for the promulgation of the Section 10(a) regulations;

6. Award to plaintiff its costs, expenses, expert witness fees, and reasonable attorney fees; and

7. Grant plaintiff such further relief as this Court deems just, proper, and equitable.


Date:  January 23, 2002                                      Respectfully submitted,



                                                            By:   /s/_____
                                                                  Jamie B. Jefferson
                                                                  Julia A. Olson
                                                                  Attorneys for Plaintiff